DRESSLER–BEARD MFG. CO. v. WINTER GARDEN CO., Inc.

(Supreme Court, Appellate Term, First Department.   May 9, 1916.)

1. SALES ☞79—PLACE OF DELIVERY—GOODS MADE TO ORDER.

The place of delivery of goods manufactured to order, in the absence of an agreement to the contrary, is the manufacturer's place of business, where the goods are made.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 214–216; Dec. Dig. ☞79.]

2. SALES ☞81(1)—CONTRACT—TIME OF ESSENCE.

Where a manufacturing company, in its letter proposing to build a machine for an amusement company, simply stated that it expected to start the model at once and finish "within three weeks' time from receipt of the order," while the amusement company, in its letter of acceptance, made no mention of the time within which the machine was to be finished, time was not of the essence of the contract.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 217; Dec. Dig. ☞ 81(1).]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. SALES 🗝️178(1)—LIABILITY OF BUYER.**

Where an amusement company gave a manufacturing company an order to construct a model of "A Growing Airship through a Projectorscope," the purpose of the machine being to throw upon a screen a picture of an approaching and receding airship, and the machine, when completed, was used for the experimental purposes contemplated by the parties, and actually tested by the amusement company after completion, when the inventor, the amusement company's employé, discovered it did not work, the amusement company was liable for the price.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 451; Dec. Dig. 🗝️ 178(1).]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Dressler-Beard Manufacturing Company against the Winter Garden Company, Incorporated. From a judgment for defendant and against plaintiff on defendant's counterclaim, plaintiff appeals. Judgment reversed, defendant's counterclaim dismissed, and judgment ordered for plaintiff for the amount demanded in its complaint.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

William A. Reynolds, of New York City, for appellant.

William Klein, of New York City (Jacob Klein and William Klein, both of New York City, of counsel), for respondent.

WHITAKER, J. On February 3, 1914, defendant gave plaintiff an order to construct a model of "A Growing Airship through a Projectorscope." The purpose of the machine, when completed, was to throw upon a screen a picture of an approaching and receding airship. The inventor of the device was Thomas A. Morris. The apparatus to be made by the plaintiff was simply a model. It was not for actual use, and plaintiff was building it under the instructions and in accordance with experiments of Thomas A. Morris, who was in the employ of the defendant.

[1] The record shows that plaintiff proved its case, and the evidence of the defendant does not disprove it. Defendant's only witness practically admits the model was completed in accordance with instructions. There was a question as to the place of delivery. Plaintiff's witness swore positively that it was to be delivered in its place. Defendant's witness was not sure as to the place of delivery. In the absence of proof of an agreement to the contrary, the place of delivery would have been plaintiff's place of business where the model was made.

[2, 3] Defendant claimed that the machine was to be completed within three weeks, and that time was the essence of the contract. I can find nothing in the evidence that specifically required the machine to be completed within three weeks. The plaintiff in its letter (Plaintiff's Exhibit 2) proposing to build the machine simply stated that:

"He expected to start the model at once and finish within three weeks' time from receipt of order."

Defendant in its letter of acceptance of the proposition makes no mention of time within which the machine was to be finished. As mat-

---

🗝️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ter of fact, the machine was used for the experimental purposes contemplated by the parties, and was actually tested by the defendant after it was completed, and the inventor, Morris, found it would not work; and the evidence of the plaintiff was that it was finished about the first part of May. It appears to me from the whole case that plaintiff duly performed its part of the contract, and that defendant did not establish a good defense, and did not sustain its counterclaim.

The judgment should therefore be reversed, with $30 costs, defendant's counterclaim dismissed, and judgment ordered for the plaintiff for the amount demanded in its complaint, with costs in the Municipal Court. All concur.